**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

NICHOLAS
MONTGOMERY JACOBS,

        Plaintiff,

    v.                    CASE NO. 10-3048-SAC

FRANK P. DENNING,

        Defendant.

**O R D E R**

    This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). Plaintiff sues Frank P. Denning, Sheriff of Johnson County, Kansas. As the underlying factual basis, Mr. Jacobs alleges as follows. On August 11, 2009, he was carrying all his belongings in two laundry baskets and his pockets, when he was arrested for parole violation by "Johnson County Sheriffs". He was assured 3 to 5 times by the arresting officers that his property was going with him; however, he has not seen his property since his arrest. He wrote an "ICF" and a letter to defendant asking about his property, and was told by Detective Smith that the Sheriff's Office lost his property but he was trying to find it. On September 16, 2009, he was then told by Officer Bernhart that he would not be paid for the lost property. He was given a "complaint form" to fill out, and gave Detective Shore a list of the lost property and the prices he paid for it. Shore sent him a letter dated October 1, 2009, which included a list of "very little" of plaintiff's property as found "at Mr. Burden's home," and stated the Sheriff's Office was not at fault and "case closed." Plaintiff did not know Mr. Burden.

Plaintiff wrote additional letters and was visited by other detectives, one of whom, Detective Cossairt, said he was doing a criminal investigation and would get back to plaintiff on an insurance claim. He has heard nothing since. Plaintiff exhibits a list of his lost personal property, which includes clothing, jewelry, phones, gift card, and an Ipod, and values the property at over $6000. He asks the federal court for "help" in replacing his property, and an award of money damages for his time in pursuing this matter as well as costs of this suit.

**NO INITIAL FEE ORDER**

Plaintiff seeks leave to proceed without prepayment of fees (Doc. 2) and has submitted the requisite affidavit and partial financial records in support of his motion. Under the Prison Litigation Reform Act, a prisoner litigant is required to pay the full filing fee in a civil action. Where insufficient funds exist for initial payment of the full filing fee, the court is directed to collect an partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. § 1915(b)(1)(A) and (B). However, where an inmate has no means by which to pay an initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action. 28 U.S.C. § 1915(b)(4). Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. However, pursuant to § 1915(b)(1), plaintiff remains obligated to pay the $350.00 district court filing fee for

this civil action.  Being granted leave to proceed in forma pauperis merely entitles him to pay the filing fee over time, rather than up front, through payments automatically deducted from his inmate trust fund account as authorized by § 1915(b)(2).  Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**SCREENING**

Because Mr. Jacobs is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citing Parratt v. Taylor, 451 U.S.

527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se complaint must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

A state prisoner has no cause of action in federal court under 42 U.S.C. § 1983 for an unauthorized deprivation of property, either intentional or negligent, by a state employee if a meaningful state post-deprivation remedy for the loss is available. See Parratt, 451 U.S. at 540-42; Hudson v. Palmer, 468 U.S. 517, 532-34 (1984)("An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); see O'Neal v. Price, 531 F.3d 1146, (9th Cir. 2008). The underlying rationale of Parratt is that when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply "impracticable" since the State cannot know when such deprivations will occur. Furthermore, the State can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct. Accordingly, an unauthorized intentional deprivation of property by state employees does not constitute a violation of the procedural requirements of the Due Process Clause

4

of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. Kansas law provides a post-deprivation remedy for property deprivation, and the court is given no reason to assume it is ineffective. Plaintiff must pursue his claims of property loss or deprivation administratively and in the state courts.

Mr. Jacobs is given time to show cause why this action should not be dismissed for failure to state a cognizable claim under 42 U.S.C. § 1983. If he fails to show cause within the time allotted, this action may be dismissed without further notice.

Because the court finds this action is subject to being dismissed for failure to state a claim, it also finds that plaintiff's motions for polygraphs and appointment of counsel should be denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted, and plaintiff is assessed the full filing fee herein of $350.00, to be paid through payments deducted from his inmate account as provided in 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that plaintiff is granted twenty (20) days in which to show cause why this action should not be dismissed for failure to state a cognizable claim under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Be Excused from providing Copies (Doc. 3) is granted; and his Motion for Scheduling Polygraphs (Doc. 4) and Motion for Counsel (Doc. 5) are denied.

A copy of this order is to be transmitted to the Finance Office

where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 19th day of April, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge