IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS
MONTGOMERY JACOBS,

                Plaintiff,

                v.                    CASE NO. 10-3048-SAC

FRANK P. DENNING,

                Defendant.

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF), and plaintiff's motion to proceed without prepayment of fees was granted. Plaintiff seeks the court's "help" in recovering personal property allegedly lost during or following his arrest, and an award of money damages for his time spent pursuing this matter as well as costs of this suit. On April 19, 2010, the court entered an Order granting plaintiff time to show cause why this action should not be dismissed for failure to state a claim cognizable under 42 U.S.C. § 1983 for reasons stated in that Order.

Plaintiff has filed a Response (Doc. 8). Having considered his Response together with all materials in the file, the court finds that plaintiff has failed to show cause why this action should not be dismissed for the reasons stated in the court's prior Order. Plaintiff does not convince the court that, contrary to the Supreme Court authority previously cited, he has a cognizable cause

of action in federal court for recovery of personal property. Nor does he allege facts showing that no state remedies were or are available for his property claim. A state administrative or judicial remedy that results in the denial of a claim is no less an available or meaningful state remedy. Plaintiff's allegations plainly indicate that state administrative remedies have been made available. He does not show that he has utilized the remedies available in the state courts. His judicial remedy is in state court, which may include small claims court. In short, plaintiff has not allege sufficient facts to state a claim in federal court.

Unfortunately for Mr. Jacobs, federal statutory law requires that a prison inmate pay the filing fee in full for each civil action he or she decides to file in federal court. No exception is provided for an action that was improvidently filed in federal court in that it states no federal constitutional claim.

The court concludes that for the reasons stated in its Order of April 19, 2010, this action must be dismissed pursuant to 28 U.S.C. § 1915A(a) and (b) for failure to state a claim on which relief may be granted.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, for failure to state a claim cognizable under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

Dated this 25th day of May, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge